THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH E. McNUTT, Respondent, v. CHARLES H. MILLS and Others, as Commissioners of Excise of the City of Albany, Appellants.

*Excise commissioners — may refuse to license a person of bad character — their right to arbitrarily refuse a license.*

Excise commissioners are vested with a discretion relative to the persons to whom they will grant licenses, and as to the places where liquor may be sold, and may refuse to grant a license upon the ground that the person seeking it is not of good moral character, or that the place kept by him is frequented by lewd women or used as a resort for immoral purposes.

The right of the excise commissioners to arbitrarily refuse a license considered.

APPEAL by Charles H. Mills and others, as commissioners of excise of the city of Albany, N. Y., from a judgment of the County Court of Albany county, entered in the office of the clerk of the county of Albany on the 16th day of August, 1895, determining that the application by the relator for a hotel license had been arbitrarily denied by them without good and valid reasons, and directing them to grant said application of the relator for a hotel license in the city of Albany, New York, and also from an order of the County Court of Albany county, entered in said clerk's office on the 16th day of August, 1895, directing the commissioners of excise of the city of Albany to grant the relator's application.

*Richard O. Bassett*, for the appellants.

*Mark Cohn*, for the respondent.

PER CURIAM:

The relator on the 13th day of May, 1895, made application to the defendants, as excise commissioners of the city of Albany, for a hotel license for the premises No. 667 Broadway, in the city of Albany, he having occupied and had a hotel license for the same during the previous year.

The petition of the relator for such license appears to have been in proper form, and accompanied with a bond and a deposit of the prescribed license fee.

On the fifteenth of May the defendants, without giving any hearing to the relator, denied his application for a license on

the ground, *first*, that the relator was not a person of good moral character, and, *second*, that, considering the rights and interests of the property owners and the residents of the neighborhood, and the existing licensed places in the vicinity, they were satisfied that there was no immediate public necessity to be served in granting such license.

Thereafter the relator requested a hearing upon his application, and upon such hearing witnesses were sworn and a petition signed by a number of citizens was presented to the board, and after such hearing the defendants, as such board of excise commissioners, passed the following resolution :

" *Resolved*, That the application of Joseph E. McNutt for a hotel license at the premises 667 Broadway be and the same hereby is rejected and a license refused, for the reason that, considering the rights and interests of the property owners and residents of the neighborhood, and the number of existing licensed places in the vicinity of the place for which a license is sought, the commissioners of excise are satisfied that there is no immediate public necessity or convenience to be served in granting such application at this time."

If in determining this appeal we were confined to this resolution as containing the sole reason for the defendants' action, we would feel constrained to uphold the decision appealed from, and adjudge the action of the commissioners to have been arbitrary, and an abuse of the discretion confided in them, for it appears in the papers accompanying their return, and in the return itself, that, after refusing to grant the relator a hotel license because of the number of licensed places within the territory specified in the return, it appears that they subsequently granted a number of saloon licenses to other persons, and renewed existing licenses within such territory, and granted leave for the transfer of licenses from places without such territory to places within it.

But the return of the defendants to the writ of certiorari herein issued asserts that, in the judgment of each of the defendants, " The Commercial Hotel, the premises for which relator seeks a license, is and has been kept by the relator in such a manner as warrants this board in holding, in reference to this application, that the relator is not a person of good moral character. * * * That this hotel for which

relator seeks a license was very carelessly run, and people were permitted to frequent it who ought not to do so, and that it was run as a place for lewd women to visit for illicit sexual intercourse."

There was evidence from which the commissioners might have reached these conclusions, taken upon the hearing before them, and we do not feel that the conclusions arrived at by them were wholly unwarranted by the evidence.

Under the discretion that is vested in the commissioners of excise, as to whom, and what places they will license, we think that they have power to refuse a license upon the grounds that the person seeking it is not of a good moral character, or that the place kept by him is frequented by lewd women, or used as a resort for immoral purposes, and that a refusal to grant a license upon such grounds is not arbitrary or an abuse of the discretion vested in them.

For these reasons we think that the order of the County Court should be reversed and the decision of the commissioners affirmed, with fifty dollars costs and disbursements.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Order of County Court reversed, decision of commissioners affirmed, with fifty dollars costs and disbursements.